UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DAVID A. WALLS, | Civil No. 05-4391 (FLW) |
| Plaintiff, |  |
| v. | **O P I N I O N** |
| DR. BLACKWELL, |  |
| Defendant. |  |

**APPEARANCES**:

      DAVID A. WALLS, #239275C, Plaintiff Pro Se
      South Woods State Prison
      215 Burlington Road South
      Bridgeton, New Jersey 08302

**WOLFSON**, District Judge

      Plaintiff David A. Walls, a prisoner currently confined at South Woods State Prison, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915. Based on his affidavit of poverty, prison account statement, and the absence of three dismissals within 28 U.S.C. § 1915(g), the Court (1) grants the application to proceed in forma pauperis; (2) directs the Clerk to file the Complaint; (3) assesses the $250.00 filing fee against Plaintiff; (4) directs the New Jersey Department of Corrections ("NJDOC") to deduct an initial partial filing fee from Plaintiff's prison account and to forward same to the Clerk of the Court, when funds exist; and (5) directs the NJDOC to forward payments from Plaintiff's prison account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the $250.00 filing fee is paid in full. See 28 U.S.C. § 1915(a), (b). Having reviewed Plaintiff's allegations, the Court dismisses

Plaintiff's federal claims and declines to exercise supplemental jurisdiction over claims arising under New Jersey law.

## I.  BACKGROUND

Plaintiff asserts violations of his constitutional rights under 42 U.S.C. § 1983 arising from his incarceration.  He asserts that in 1999 Defendant Dr. Blackwell was assigned as his psychiatrist.  He alleges that Dr. Blackwell took him off the psychiatric medication which the prior psychiatrist had prescribed and placed him on the psychiatric unit for five years.  He alleges that Dr. Blackwell then had him returned to general population but did not prescribe psychiatric medication.  Plaintiff states that he asked Dr. Blackwell to prescribe the psychiatric medication which he had been taking for 30 years, but she became argumentative and defensive.  Plaintiff complains that Dr. Blackwell's failure to prescribe the appropriate medication is violating his constitutional rights.  Plaintiff seeks damages and injunctive relief removing Dr. Blackwell from her position and taking her medical license.

## II.  LEGAL STANDARD

The in forma pauperis statute, as amended by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Soreman, 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Alston v. Parker, 363 F.3d 229, 233 n.6.

### III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) that the deprivation was committed by a person acting under color of state law.[1] West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). As the operation of a prison and the provision of medical care to inmates satisfy the state action requirement, West, 487 U.S. at 54-7, the Court will determine whether Plaintiff has alleged the violation of a constitutional right.

---

[1] 42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

A. Eighth Amendment

"The Eighth Amendment, in only three words, imposes the constitutional limitation upon punishments: they cannot be 'cruel and unusual.'" Rhodes v. Chapman, 452 U.S. 337, 345 (1981). The Eighth Amendment prohibits conditions which involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime warranting imprisonment. Rhodes, 452 U.S. at 346, 347. The cruel and unusual punishment standard is not static, but is measured by "the evolving standards of decency that mark the progress of a maturing society." Rhodes, 452 U.S. at 346 (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958)). To state a claim under the Eighth Amendment, an inmate must satisfy an objective element and a subjective element. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

The Eighth Amendment's prohibition against cruel and unusual punishment obligates jail authorities to provide medical care to inmates. Estelle v. Gamble, 429 U.S. 97, 103 (1976); Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). To state a cognizable claim, inmates must "demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious." Rouse, 182 F.3d at 197. A medical need is serious where it "has been diagnosed by a physician as requiring treatment or is . . . so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) (citations omitted). To establish deliberate indifference, an inmate must demonstrate that "the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer, 511 U.S. at 842; Rouse, 182 F.3d at 197.

4

In the instant Complaint, Plaintiff disagrees with Dr. Blackwell's decision not to prescribe the psychiatric medication which he had been taking for 30 years. However, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Estelle, 429 U.S. at 106.

> But the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice . . .

Estelle, 429 U.S. at 107.

Plaintiff's disagreement with Dr. Blackwell's medical decision to discontinue his psychiatric medication does not establish deliberate indifference that is actionable. At most it is medical malpractice. The Court is therefore constrained to dismiss Plaintiff's Eighth Amendment medical claim for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

B.  State Claims

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted). Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over

which it has original jurisdiction.  28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).  In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'"  Growth Horizons, Inc., 983 F.2d at 1284 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)).  Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims.  United Mine Workers v. Gibbs, 383 U.S. at 726;  Growth Horizons, Inc., 983 F.2d at 1284-1285.

In this case, the Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation and declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## IV.  CONCLUSION

The Court grants Plaintiff's application to file the Complaint pursuant to 28 U.S.C. § 1915(b), dismisses Plaintiff's federal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and declines to exercise supplemental jurisdiction over claims arising under state law.

   s/Freda L. Wolfson  
   FREDA L. WOLFSON, U.S.D.J.

Dated:    September 22 , 2005